WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Gregory Speers,<br><br>Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>Respondents. | No. CV 22-00172-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). The Magistrate Judge to whom this case was referred issued a Report and Recommendation (Doc. 26) ("R&R"), recommending that the Petition be denied. Petitioner filed objections to the R&R (Doc. 29), Respondents replied to the objections (Doc. 32), and, although not permitted by the Rules, Petitioner filed a sur-reply to Respondents' reply (Doc. 33).

Respondents moved to strike the sur-reply. (Doc. 34). While Respondents are correct that procedurally a sur-reply is not permitted, the Court nonetheless considered the sur-reply which did not change the outcome of this case. As a result, the motion to strike will be denied.

**Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de*

*novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). Thus, the portions of the R&R to which Petitioner objected will be reviewed de novo.

**Factual and Procedural Background in State Court**

The R&R recounts the factual and procedural background of this case in the state courts at pages 1-11. (Doc. 26). Petitioner "objects" to this recounting at pages 1-8 of his objections. (Doc. 29). However, a close read of Petitioner's objections shows that Petitioner does not argue that any fact stated in the R&R is inaccurate. Instead, Petitioner objects that the R&R did not include some additional facts of various things that also occurred in state court. This Court finds that the R&R correctly summarized the state court proceedings and accepts and adopts this background. As necessary to consider his other objections, the Court will also consider the additional facts presented by Petitioner.

In short summary, (upon retrial) the jury found Petitioner guilty of molesting two minors, as alleged in counts three and five of the indictment, and acquitted him of the other charges. (Doc. 26 at 3). Petitioner's counsel at the time of the verdict filed a motion for new trial raising numerous issues, including that juror misconduct had warranted a mistrial. (*Id.*). The trial court denied the motion and sentenced Petitioner to two consecutive seventeen-year prison terms. (*Id.*).

**Claims in the Petition**

The Petition in this case raises two claims for relief. The first claim was withdrawn by Petitioner in his motion to amend due to a change in state law. (Doc. 21). The R&R recommends that this Court grant the motion to amend and deny relief on Claim 1. (Doc. 26 at 16). Neither party objected to this outcome and the Court accepts and adopt it.

- 2 -

In Claim 2, Petitioner argues ineffective assistance of trial counsel regarding Juror Two. In short summary, Petitioner argues that his counsel was ineffective in failing to voir dire Juror Two sufficiently to reveal more fully that she had been molested as a child and failed to investigate and file a sufficiently robust motion for new trial based on Juror Two's less than full disclosure.

**Law Governing the Petition**

At pages 12-14 the R&R recounts the law governing a federal court's review of a habeas petition for a claim that was exhausted in the state courts. At pages 14-15, the R&R recounts the law governing ineffective assistance of counsel claims under *Strickland v. Washington*. Neither party has objected to these summaries of the governing law, and the Court hereby accepts and adopts them. Additionally, neither party objected to the R&R's conclusion that Petitioner exhausted Claim 2 in state court. (Doc. 26 at 17-18). The Court hereby adopts that conclusion.

**Claim 2**

As indicated above, Claim 2 is Petitioner's claim that his counsel was ineffective with respect to all issues relating to Juror Two's alleged impartiality. Under clearly established federal law regarding ineffective assistance of counsel claims, "a petitioner must show that his counsel's performance was both (a) objectively deficient and (b) caused him prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984)." (Doc. 26 at 14).

Turning first to Petitioner's argument that there was inadequate voir dire of Juror Two to unearth her meaning when she said being fair and impartial on a case like this would be hard for her, Petitioner was representing himself *pro se* at the time of voir dire. (Doc. 26 at 19). Petitioner cannot obtain relief on an ineffective assistance of counsel claim premised on Petitioner's representation of himself. *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). As the United State Supreme Court has stated, a defendant who chooses to represent himself, "cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *Id.*

1    Thus, Petitioner's ineffective assistance of counsel claim premised on the adequacy
2  of voir dire is without merit.  Accordingly, the decision of the state courts reaching the
3  same conclusion was not contrary to or an unreasonable application of clearly established
4  federal law nor was it an unreasonable determination of the facts.  *See Lockyer v. Andrade*,
5  538 U.S. 63, 71 (2003); (Doc. 26 at 11).
6    Next Petitioner argues that his trial counsel was ineffective for failing to investigate
7  Juror Two.  As the R&R notes:

> …the United States Supreme Court has stated that counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. Counsel's decision not to investigate is considered for reasonableness, "applying a heavy measure of deference to counsel's judgments." *Id*. At the evidentiary hearing, Petitioner's trial counsel testified that time constraints and limited resources influenced her decision not to interview jurors after Petitioner's jury trial. (Doc. 19-13 at 89-90, 130) Due to limited time and resources, Petitioner's trial counsel could reasonably focus on certain issues to the exclusion of others. In addition, insofar as trial counsel's decision to focus on specific issues was a matter of trial strategy, a difference of opinion in such strategy "is not in itself sufficient to support a charge of inadequate representation." *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980). Applying the "heavy measure of deference" to trial counsel's performance, Petitioner does not demonstrate that trial counsel's representation on this issue was objectively unreasonable. *Strickland*, 466 U.S. at 689, 691.

(Doc. 26 at 25).

In his objections, Petitioner reasserts his position that counsel should have investigated more.  (Doc. 29 at 10-12).  However, at the time trial counsel filed Petitioner's motion for new trial (August 13, 2007), counsel included "[i]t appears that other trial jurors may have been similarly misleading during voir dire. For example, juror number two never revealed her prior molestation during voir dire, despite being asked directly about previous victimization. She merely stated she had been a victim of domestic violence." (Doc. 26 at 22).  The parties appear to agree that this information was never stated on the record; instead, all that was stated on the record was that a juror said that another juror was "familiar with similar situations."  (*Id*.).  Thus, it appears trial counsel received the information about Juror Two from Carol Wray, who appears to have been acting as an

independent, unappointed investigator (who questioned the jurors) for Petitioner. (*Id.* at 22-23).

Despite many years later (on October 14, 2016) there being an evidentiary hearing on Petitioner's post-conviction relief motion, no more material information about Juror Two has been revealed than what counsel included in her August 13, 2007 motion. Thus, the Court cannot conclude that counsel's performance regarding the investigation was deficient because counsel seemingly discovered all material information. Moreover, relying on the cases cited in the R&R and quoted above, the Court finds counsel's strategic decisions based on limited time and resources to be reasonable and not deficient.

Finally, Petitioner argues that trial counsel was ineffective for not addressing Juror Two's alleged misconduct more thoroughly in the motion for new trial.[1] As the R&R recounts (Doc. 26 at 24), a remedy for potential juror misconduct is "a hearing, in which the trial court determines the circumstances of what transpired, the impact on the jurors, and whether or not it was prejudicial." *United States v. Angulo*, 4 F.3d 843, 847 (1993) (*citing Remmer v. United States*, 347 U.S. 227, 229-30 (1954)). During deliberations, Petitioner received this remedy wherein Juror Two and all other jurors were again asked if they could be fair and impartial and confirmed that they would only consider the evidence presented in the courtroom. (Doc. 26 at 24). Thus, counsel did not engage in deficient performance by failing to file a motion that would have resulted in a remedy Petitioner already received. *See Gonzalez v. Knowles*, 515 F.3d 1006, 1017 (2008) ("counsel cannot be deemed ineffective for failing to raise" a "meritless claim"). Petitioner's objection that this claim is only meritless because counsel did not do more investigation and more motion practice (Doc. 29 at 12) is belied by the record and is overruled.

---

[1] In his objections, Petitioner states that his counsel including this factual evidence of additional juror misconduct in a footnote "waives" the argument under Arizona law. (Doc. 29 at 11 (citing *State v. Miller*, 186 Ariz. 314 (1996)). While the *Miller* court did hold that, for purposes of an opening brief before the Arizona Supreme Court, arguments had to be presented in the body of the opening brief, not the footnotes, in this case, no court found Petitioner to have waived this evidence or argument because of the use of the footnote.

Alternatively, Petitioner has failed to show prejudice, the second requirement of *Strickland*. Both the R&R (Doc. 26 at 23) and Respondent's reply to Petitioner's objections (Doc. 32 at 4) note that Petitioner keeps casting this claim as one of a lack of an impartial jury, rather than ineffective assistance of counsel. In other words, Petitioner seems to be arguing that if he can show one juror was not impartial, he will be entitled to habeas relief. But Petitioner brings a claim of ineffective assistance of counsel in this habeas Petition, and a claim of ineffective assistance of counsel was what Petitioner exhausted in state court. Petitioner is incorrect in his argument that if a juror was not impartial that automatically means his counsel was ineffective. Thus, to the extent in his objections[2] and sur-reply he argues he need not show both prongs of *Strickland*, that argument is rejected and the objection is overruled.

Along these lines, the Court notes that all of Petitioner's arguments regarding "prejudice" either argue he does not have to show prejudice or argue that the Court should presume that Juror Two was biased notwithstanding her statements that she could be fair and impartial (Doc. 29 at 12-18). However, as the R&R and the Arizona Court of Appeals concluded:

> Juror Two and the other jurors serving on Petitioner's trial swore that each would remain impartial and could separate comments heard during jury deliberations from evidence presented in the courtroom. (See Doc. 12-1 at 150; Doc. 12-6 at 13; Doc. 19-12 at 203-24) As the Arizona Court of Appeals recognized (Doc. 12-1 at 150), because of each juror's affirmation to remain fair and impartial, there is no indication that Juror Two's conduct changed the result of Petitioner's trial. *See Strickland*, 466 U.S. at 694. Petitioner has not established prejudice by showing a "reasonable probability" that with further investigation of Juror Two's conduct, "the result of the proceeding would have been different." *Id.*

(Doc. 26 at 25).

This Court agrees that on this record, given the questioning of Juror Two during deliberations confirming her ability to be fair and impartial and to base her decision only on the evidence presented during trial, and the same questioning of and responses from

---

[2] *See e.g.* Doc. 29 at 17, wherein Petitioner argues, "[Juror Two's] very presence on the jury … 'requires a new trial without a showing of actual prejudice.' *Dyer*, 151 F.3d at 973 n.2."

each other juror, Petitioner has failed to show prejudice. Accordingly, the Court finds that Petitioner's counsel was not ineffective under *Strickland* for this alternative reason.

Based on the foregoing, the Court finds the decision of the state courts on ineffective assistance of counsel was not contrary to or an unreasonable application of clearly established federal law, nor was it an unreasonable determinate of the facts. The objections are overruled in their entirety and relief is denied.

**Conclusion**

**IT IS ORDERED** that the motion to strike (Doc. 34) the sur-reply (Doc. 33) is denied.

**IT IS FURTHER ORDERED** that the motion to amend (Doc. 21) is granted to the extent that Claim 1 is deemed to be withdrawn and relief on Claim 1 is denied.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 26) is accepted and adopted; the objections (Doc. 29) are overruled. The Petition is denied with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Dated this 8th day of February, 2023.

James A. Teilborg
Senior United States District Judge