wo

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Gregory Speers,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No.   CV 22-00172-PHX-JAT<br><br><br>**ORDER** |

On March 8, 2023, Petitioner filed a motion for extension of time to file a motion for certificate of appealability.  (Doc. 37).  This Court denied a certificate of appealability in its ruling on the petition in this case.  (Doc. 35).  Following the Court of Appeals lead on liberal construction, the Court will interpret this filing as a motion for extension of time to file a notice of appeal.

Specifically, the Court of Appeals in similar circumstances stated:

> On August 1, 2012, Brown delivered a motion seeking "an extension of time to file his Certificate of Appealability" to prison officials for filing. Construing Brown's pro se motion liberally, as we must, we interpret this filing as a motion for extension of time to file a [Notice of Appeal ("NOA")] brought pursuant to Federal Rule of Appellate Procedure 4(a)(5). Rule 4(a)(5) permits a district court to extend the time to file a NOA if a party so moves within 30 days of the expiration of the [30]–day clock, but only permits the district court to extend the deadline to 1) 30 days after the close of the NOA period…, or 2) 14 days after the date when its order granting the motion to extend is entered—whichever is later. This request for an extension cannot itself be construed as a NOA because it did not specify the order or judgment from which Brown planned to appeal, or the court to which an appeal would be taken. Fed. R. App. P. 3(c). [footnote omitted]

*United States v. Brown*, 626 F. App'x 688, 690 (9th Cir. 2015).

Thus, what Petitioner in this case filed is not construed as a notice of appeal. But it is construed as a motion for extension of time to file a notice of appeal.

An appeal "from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk." Fed. R. App. P. 3(a)(1). The notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). As Petitioner notes, his notice of appeal is due by March 10, 2023. This Court may extend this deadline for up to 30 days if the motion for extension of time is filed before the original 30-days expires. *See* Fed. R. App. P. 4(a)(5)(C).

The Federal Rules of Appellate Procedure permit the district court to extend the time for filing a notice of appeal if the moving party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). If the motion is filed before the expiration of the original 30-days to appeal, as it was in this case, the motion may be ex parte. Fed. R. App. P. 4(a)(5)(B). Further, the advisory committee notes indicate that the "good cause" standard is applicable to motions for extension of time filed within the initial 30-day period for filing a notice of appeal. Fed. R. App. P. 4(a)(5) Advisory Committee's Notes to 1979 Amendment.

The Court finds Petitioner has shown good cause for his requested extension; namely, Petitioner needs additional time to complete his research regarding seeking a certificate of appealability before the Court of Appeals. Thus, this Court will grant the requested 30-day extension. Petitioner is cautioned that this Court does not have authority to grant any further extensions.

Based on the foregoing,

/ / /

/ / /

/ / /

/ / /

**IT IS ORDERED** that Petitioner's motion (Doc. 37) (construed as a motion for extension of time to file a notice of appeal) is granted; the deadline to file a notice of appeal is extended 30 days from the original deadline.

Dated this 9th day of March, 2023.

James A. Teilborg
Senior United States District Judge